# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> GEORGE THEODORE SUTHERLAND, <br><br> Defendant. | CR-13-86-GF-BMM-01 <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on June 23, 2015. (Doc. 55). Neither party filed objections. The Court need not review *de novo* the proposed Findings and Recommendations when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Sutherland admitted to having violated a condition of his supervised release. (Doc. 55). Sutherland admitted to having violated Special Condition 5 by failing to

participate in and complete a substance abuse treatment program when the Connections Corrections Program in Butte, Montana, requested Sutherland be removed from the program on June 19, 2015. *Id.*

Judge Johnston found Sutherland's admissions sufficient to establish a supervised release violation. *Id.* Judge Johnston recommends the Court revoke Sutherland's supervised release and sentence Sutherland to six (6) months of custody. *Id.* Judge Johnston further recommends a term of twenty-nine (29) months supervised release following Sutherland's term of custody. *Id.* Judge Johnson suggests that the term of supervised release include the previously imposed conditions, including the condition that Sutherland pay $150.00 to White Sky Hope Center. *Id.*

Sutherland's criminal history category is I, the current offense is a Grade C violation, and the underlying offense is a Class C felony. The statutory range is a maximum of twenty-four (24) months in custody. The applicable guideline custody range is three (3) to nine (9) months. The Court may impose a term of supervised release of up to thirty-five (35) months, less any custody time imposed.

This Court finds no clear error in Judge Johnston's Findings and Recommendations and adopts them in full. Sutherland admitted that he violated terms of his supervised release. In light of Sutherland's non-compliance with his substance abuse treatment, a sentence of six (6) months of custody followed by a

term of twenty-nine (29) months supervised release is appropriate. Sutherland's term of supervised release shall include a condition that he pay $150.00 to White Sky Hope Center within three months of his release from custody.

**IT IS HEREBY ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 55) is ADOPTED IN FULL and Judge Johnston's Amended Findings and Recommendations (Doc. 46) is DISMISSED as moot. Judgment shall be entered accordingly.

DATED this 10th day of July, 2015.

Brian Morris
United States District Court Judge